# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **KAAZIM ABUL 'UMAR, aka** ) | |
| **WESLEY L. PITTMAN, ID # 428622,** ) | |
|     **Petitioner,** ) | |
| **vs.** ) | No. 3:11-CV-0070-O  (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|     **Respondent.** ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 12, 2011. The respondent is Rick Thaler, Director of TDCJ-CID.

On June 7, 1986, petitioner was convicted of attempted capital murder, voluntary manslaughter, and aggravated assault of a police officer in Dallas County, Texas, and received sentences of life, seventy-five years, and eight years imprisonment, respectively. (Petition (Pet.) at 2; www.dallascounty.org, Cause Nos. F-8685615, F-8684967, f-8685463).[1] On October 7, 1987, petitioner's convictions and sentences were affirmed on direct appeal in an unpublished opinion. *Pittman v. State*, Nos. 05-86-00746-CR, 05-86-00747-CR, 05-86-00748-CR (Tex. App.–Dallas Oct.

---

[1] Petitioner's sentence for aggravated assault has since been discharged. (*See* www.tdcj.state.tx.us, search for petitioner).

7, 1987). Petitioner has since filed numerous state habeas applications challenging his convictions, prison disciplinary actions, and parole laws. *See* WR-16,777-01-WR-16,777-13 (Tex. Crim. App.)

On January 5, 2011, petitioner mailed his petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9). He challenges the denial of parole because he would not agree to register as a sex offender. (Pet. at 8, Reply at 3-4). Respondent filed a response on August 5, 2011, and provided the state court records. Respondent contends that the petition is unexhausted and without merit. Petitioner filed a reply brief on August 23, 2011.

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, petitioner concedes that neither the trial court nor the Court of Criminal Appeals has ruled on a state writ raising the issue in his federal petition. (Reply at 2-3). He contends that he mailed a state writ raising that claim, but that it was destroyed by prison staff. (Reply at 2). As support for this claim, he points to the fact that it took some time for him to have the filing fee sent to this Court, and the fact that two documents were returned to the Court as undeliverable at one point.

Under 28 U.S.C. § 2254(b)(1)(B)(ii), a federal habeas petitioner can bypass the requirement that he exhaust his state court remedies if circumstances exist that render the available State process ineffective to protect his rights. Petitioner has not made this showing. Although he claims that prison staff are destroying his legal mail, he has not identified any mail he sent that has not been received by this Court. At the state level, the Dallas trial court has received and addressed numerous state writs mailed by petitioner throughout the years, including the writ that was received on September 1, 2009. (*see* State Habeas Transcript (S.H.Tr.)[WR-16,777-13] at 2). The fact that it took some time for the prison to release the $5 filing fee from petitioner's trust account is not evidence that his outgoing legal mail is being destroyed. While two documents were returned as undeliverable, this was because they were sent to petitioner's under his assumed name rather than his given name (as he is known in the prison system). (*See* docs. 5, 6). Petitioner has evidently received all subsequent mail sent to him by the Court and by respondent under his given name. He filed objections to previous findings recommending dismissal for want of prosecution and a reply brief addressing arguments made by respondent in its response. The record does not reflect that the state writ process is ineffective such that petitioner can be excused from the requirement that he exhaust this claim for relief. *See e.g. Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (holding that the exhaustion requirement will not apply when the state system inordinately and unfairly delays

review of a state writ); *Burks v. Thaler*, 2011 WL 1258535 (5th Cir. April 5, 2011) (granting a COA on the issue of whether the state corrective process is ineffective so as to excuse the exhaustion requirement where the state trial court had not acted on a state writ that had been filed seven years earlier).

Because petitioner has not fairly presented the claim he raises in his federal petition to the Court of Criminal Appeals, the Court of Criminal Appeals has not had an opportunity to review the claim raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.[2]

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 26th day of August, 2011.**

                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE

---

[2] Respondent urges denial of the petition notwithstanding petitioner's failure to exhaust, as permitted under § 2254(b)(2). In his reply brief, petitioner appears to assert that he has not been convicted of a sex offense and that he was not afforded an appropriate hearing before being informed at his parole hearing that he would not be released on parole unless and until he agreed to register as a sex offender. (Reply at 3-5). The Fifth Circuit has held that prisoners who have not been convicted of sex offenses are entitled to certain procedural due process before they can be required to register as sex offenders as a condition of parole, including a hearing in which the prisoner can present evidence and confront and cross-examine witnesses. *Meza v. Livingston*, 607 F.3d 392 (5th Cir. 2010). Respondent did not have an opportunity to address this claim. Based on the incomplete record, a ruling on the merits is not appropriate.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE